Note.—Reported in 202 N. W. 478. See, Headnotes (1), (2) and (3), American Key-Numbered Digest, Schools and school districts, Key-No. 153, 35 Cyc. 1113 (1926 Anno.).

## In re EWERT.

### (203 N. W. 202.)

(File No. 5861. Opinion filed March 4, 1925.)

1. **Prohibition—Contempt of Court—Violation by Treasurer of Rural Credit Board of Writ of Prohibition Criminal Contempt.**
   Willful violation, by treasurer of rural credit board of peremptory writ, prohibiting deposit of rural credit funds in any bank in excess of 40 per cent of capital and surplus of such bank, was a criminal contempt.

2. **Prohibition—Courts—Sentence for Criminal Contempt May Include Imprisonment.**
   Where treasurer of rural credit board, violating writ of prohibition, was guilty of criminal contempt, made a misdemeanor under Rev. Code 1919, Sec. 3793, imprisonment in county jail for three months, as well as a fine, held authorized, especially in view of Sec. 3581; the court not being limited by Secs. 3018 and 3022, which have reference merely to civil procedure.

Original proceeding against A. W. Ewert for contempt. Sentence of fine and imprisonment imposed.

*Buell F. Jones,* Attorney General, for Plaintiff.

*A. K. Gardner,* of Huron, and *Stephens, McNamee, O'Keeffe & Stephens,* of Pierre, for Defendant.

PER CURIAM. On August 5, 1922, this court handed down an opinion to the effect that A. W. Ewert, the treasurer of the South Dakota rural credit board, was not entitled under the law to deposit rural credit funds in any bank in excess of 40 per cent of the capital and surplus of such bank. State ex rel. Payne v. Ewert, 45 S D. 550, 189 N. W. 522.. Pursuant thereto a peremptory writ of prohibition was issued and served upon the said

treasurer. On February 4, 1925, said Ewert ceased to be treasurer of said board. On February 9, 1925, the Attorney General instituted a proceeding in this court against said Ewert, requiring him to answer for and concerning a contempt of this court for the violation of said writ of prohibition. The defendant appeared in person and by attorneys; testimony was taken, and the court and the judges thereof unanimously found that he had willfully violated said writ. Upon being asked why judgment should not be pronounced, his counsel called the attention of the court to section 3018, Rev. Code 1919 (a section of the Code of Civil procedure relating to mandamus) which reads as follows:

"When a peremptory mandamus has been issued and directed to any inferior tribunal, corporation, board or person, if it appear to the court that any member of such tribunal, corporation, board, or any person upon whom the writ has been personally served, has without just excuse, refused or neglected to obey the same, the court may, upon motion, impose a fine not exceeding one thousand dollars. In case of persistence in a refusal of obedience, the court may order the party to be imprisoned until the writ is obeyed, and may make any orders necessary and proper for the complete enforcement of the writ."

His counsel also called attention to section 3022, Rev. Code 1919 (a section of the Code of Civil Procedure relating to the writ of prohibition), which reads as follows:

"The provisions for the proceeding under the writ of mandamus, except the first three sections thereof, apply to this proceeding."

[1] His counsel thereupon suggested that the court had no power to impose more than a monetary fine upon defendant. This court, being of the opinion that those sections related to civil procedure, and had no bearing upon the question of punishment for criminal contempt (which this was), declined to follow the suggestion of counsel.

[2] There is no express statute providing for the punishment of criminal contempt other than that contained in the Code relating to the punishment for contempt as a misdemeanor. Rev. Code 1919, § 3793. Indeed, there is no provision of the Constitution taking from this court its inherent power to punish for

contempt and vesting in the Legislature the right to fix the terms of punishment therefor.

By analogy this court in determining the sentence to be imposed had recourse to the provisions of section 3581, Rev. Code, and imposed a fine of $500 and imprisonment in the county jail of Beadle county for three months and until the fine should be paid, a punishment within the terms of said section.

BURCH and McNENNY, Circuit Judges, sitting in place of ANDERSON and SHERWOOD, JJ., disqualified.